Joshua Prince, Esq
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Attorney Id # 306521
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW HERTZLER,** | : | |
| Plaintiff | : | Docket No. |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **LORETTA LYNCH,** | : | |
| Attorney General of the United States | : | |
| | : | |
| **THOMAS E. BRANDON,** | : | |
| Acting Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms, and Explosives | : | |
| | : | |
| **CHRISTOPHER C. SHAEFER,** | : | Complaint - Civil Rights |
| Assistant Director, ATF Public and | : | |
| Governmental Affairs | : | |
| | : | |
| **JAMES B. COMEY,** | : | |
| Director of the Federal Bureau of | : | |
| Investigation | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendants. | : | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Andrew Hertzler, by and through his counsel, Joshua Prince, Esq., and Prince

Law Offices, P.C., hereby files this Complaint against Defendants Loretta Lynch, Thomas E.

Brandon, Christopher C. Shaefer, James Comey, and the United States of America, alleging

deprivation of his civil rights pursuant to the Second Amendment to the United States Constitution and the Religious Freedom Restoration Act.

## JURISDICTION AND VENUE

1. This action is brought pursuant to Religious Freedom Restoration Action, 42 U.S.C. § 2000bb, *et seq.*

2. This case concerns subject matter under the original and exclusive jurisdiction of the federal courts of the United States.

3. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1331, 1343(a), 1346(a), 2201(a), 2202, 2412, and 5 U.S.C § 702.

4. Venue is proper in the Middle District of Pennsylvania, as all actions occurred in Northumberland County, Pennsylvania, which is a located within the Middle District.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff Andrew Hertzler ["Mr. Hertzler"] is an adult resident of Northumberland County, Pennsylvania, during all relevant periods.  Mr. Hertzler is an active and practicing member of the Amish Community, who desires to purchase a firearm for purposes of self-defense within his home, but is prevented from doing such by the Defendants.

7. Defendant Loretta Lynch is being sued in her official capacity as the Attorney General of the United States.  As Attorney General, Defendant Lynch is responsible for executing and administering the laws, regulations, customs, practices, and policies of the United States and is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.  As Attorney General, Defendant Lynch is ultimately

responsible for supervising the functions and actions of the United States Department of Justice, including the Bureau of Alcohol, Tobacco, Firearms and Explosives ["ATF"], which is an arm of the Department of Justice.

8. Defendant Thomas E. Brandon is being sued in his official capacity as Acting Director of the ATF. ATF is responsible for, *inter alia*, regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce, as well as, prevention of federal offenses involving the use, manufacture and possession of firearms and ammunition. As Acting Director of ATF, Defendant Brandon responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the United States and is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.

9. Defendant Christopher C. Shaefer is the Assistant Director of ATF's Public and Governmental Affairs. Defendant Shaefer was directly responsible for informing Mr. Hertzler, via the Hon. Patrick Toomey, that there was no exception to the photo identification law. He is being sued in his individual capacity.

10. Defendant James B. Comey is being sued in his official capacity as Director of the Federal Bureau of Investigation ["FBI"]. FBI is the agency responsible for performing background checks for federal, state, and local law enforcement authorities via the National Instant Check System ["NICS"]. FBI is responsible for maintaining the NICS database reflecting that individuals are prohibited from acquiring, possessing, and utilizing a firearm. FBI sets forth policies, procedures, regulations, and customs relating to NICS and background checks for firearm purchasers. As Director of the FBI,

Defendant Comey is responsible for the execution of administration of these policies, procedures, regulations, and customs, including those complained of in this action.

11. Defendant United States of America is a proper party in this action pursuant to 5 U.S.C. § 702.

## FACTS

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. Mr. Hertzler is:

    a. over the age of 21;

    b. is not under indictment;

    c. has never been convicted of a felony or misdemeanor crime of domestic violence;

    d. has never been convicted of a crime punishable by more than one year;

    e. is not a fugitive from justice;

    f. is not an unlawful user of or addicted to any controlled substance;

    g. has not been adjudicated a mental defective or been committed to a mental institution;

    h. has not been discharged from the Armed Forces under dishonorable conditions;

    i. has never renounced his citizenship; and

    j. is not the subject of a restraining order relating to an intimate partner.

14. Mr. Hertzler is an active and practicing member of the Amish faith and community in Lancaster County, Pennsylvania.

15. The Amish faith prohibits an individual from having his/her photograph taken.

16. This belief stems from the Biblical passage Exodus 20:4, which mandates that "You shall not make unto thee any graven image, or any likeness of anything that is in heaven above,

or that is in the earth beneath, or that is in the water under the earth," as well as the Christian belief in humility.

17. According to the *Discover Lancaster* website, the "Amish hold humility as a highly-cherished value and view pride as a threat to community harmony."[1]

18. As an active and practicing Amish adherent, Mr. Hertzler has a sincerely held religious belief that prevents him from knowingly and willingly having his photograph taken and stored.

19. Mr. Hertzler's parents, grandparents, and siblings are all active and practicing Amish, who also believe that Scripture prohibits the individual from allowing photographs to be taken of him/her.

20. Mr. Hertzler does possess non-photo, state-issued identification, pursuant to 67 Pa.Code § 73.3(d)(4), 18 Pa.C.S.A. § 6111(b)(2), and 37 Pa.Code 33.102.

21. Title 18, U.S.C. § 922(t)(1)(C) states that a "licensed [firearms] dealer shall not transfer a firearm to any other person who is not licensed under this chapter, unless . . . (C) the transferor has verified the identity of the transferee by examining a valid identification document (as defined in section 1028(d) of this title) of the transferee containing a photograph of the transferee."

22. 18 U.S.C. § 1028(d) defines an "identification document" as "a document made or issued by or under the authority of the United States Government, a State, [or] political subdivision of a State . . . which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of individuals."

---

[1] http://www.discoverlancaster.com/towns-and-heritage/amish-country/amish-and-photographs.asp

23. Although 18 U.S.C. § 1028(d) does not require a photograph for purposes of an identification document, 18 U.S.C. § 922(t)(1)(C) requires a photograph and fails to provide any exception for religious beliefs.

24. Yet, ATF has previously conceded that a person applying for a federal firearms license ["FFL"], pursuant to 18 U.S.C. § 923, is not required to submit photographs, if the taking of such photograph would violate the person's religious beliefs, as the requirement is only regulatory, pursuant to 27 C.F.R. § 478.44 – not statutory – and therefore it has the power to waive the regulation.

25. In order to obtain an FFL, a person must intend to engage in the business of dealing in firearms with an intent to make a profit at the sale of firearms, pursuant to 18 U.S.C. §§ 923, 921(a)(11).

26. Pennsylvania, recognizing that certain religious sects and communities prohibit the taking of photographs of individuals, exempts those members from the photo ID requirement, instead allowing a non-photo ID or combinations of documents allowing the firearms dealer to identify the name, address, date of birth, and signature of the potential purchaser. 18 Pa.C.S.A. § 6111(b)(2).

27. Additionally, Pennsylvania law provides religious exemptions in relation to drivers' licenses. 67 Pa.Code § 73.3(d)(4).

28. Both Pennsylvania and the Federal Government prohibit "straw purchases" – that is, the purchase of a firearm by one individual for the express purpose of giving it to another. See *Abramski v. United States*, 134 S.Ct. 2259 (2014); see also 18 U.S.C. § 922(a)(6) (prohibiting the false statements on any application to purchase a firearm); 18 Pa.C.S.A.

§ 6111(b) (requiring firearm purchaser to state he/she is the "actual" purchaser, unless giving the firearm to a spouse, parent, child, grandparent, or grandchild).

29. ATF's Form 4473, which is completed by all firearm purchases at the time of purchase, expressly states: "Warning: you are not the actual buyer if you are acquiring the firearm on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm to you."

30. On June 2, 2015, Mr. Hertzler attempted to purchase a firearm at a Pennsylvania firearms dealer using a non-photo, state-issued identification.

31. Because Mr. Hertzler did not possess a photo ID, the sale of the firearm was denied.

32. Mr. Hertzler is not prohibited from possessing firearms under state or federal law.

33. Mr. Hertzler then contacted his United States Senator, the Hon. Patrick J. Toomey, to inform him of his situation. *See* Letter from the Hon. Patrick J. Toomey, May 28, 2015, attached hereto and incorporated herein as Exhibit A.

34. Senator Toomey then contacted ATF on April 20, 2015. *See* Letter from ATF Assistant Director Christopher Shaefer, June 8, 2015, attached hereto and incorporated herein as Exhibit B.

35. On June 8, 2015, Defendant ATF, via letter signed by Assistant Director of Public and Governmental Affairs, Defendant Christopher C. Shaefer, responded that 18 U.S.C. § 922(t)(1)(C) "does not provide any exceptions to this requirement" that photo ID be presented for a lawful firearms transfer. *See*, Exhibit B.

36. Furthermore, Mr. Hetzler is prohibited from obtaining a firearm via straw-purchase, as such is illegal under federal and state law.

37. Mr. Hertzler desires to purchase a handgun for purposes of self-defense within his home, which is at the core of the Second Amendment. *District of Columbia v. Heller*, 554 U.S. 570, 128 S. Ct. 2783 (2008).

38. Although Mr. Hertzler could obtain firearms without the need for submitting a photograph by obtaining an FFL, he has no intent to engage in the business of selling firearms.

39. Thus, Mr. Hertzler confronts Hobson's choice: either forego his constitutional right to keep and bear arms in defense of himself and his home, or violate his religion.

### COUNT I: As-Applied Religious Freedom Restoration Act Violation
### (Mr. Hertzler v. All Defendants)

40. The foregoing paragraphs are incorporated herein as if set forth in full.

41. The Religious Freedom Restoration Act ["RFRA"] states that "Government shall not substantially burden a person's exercise of religion *even if* the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1(a) (emphasis added).

42. The one exception requires the Government to demonstrate that "application of the burden to the person (1) is in furtherance of a compelling governmental interest; *and* (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b). (Emphasis added).

43. In passing RFRA, Congress expressly found that "the framers of the Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the First Amendment to the Constitution." 42 U.S.C. § 2000bb(a)(1).

44. Thus, Congress' purpose in passing RFRA was "to restore the compelling interest test . . . and to guarantee its application in all cases where free exercise of religion is substantially burdened." 42 U.S.C. § 2000bb(b)(1).

      *a.    The Government Creates a Substantial Burden on Mr. Hertzler's Free Exercise*

45. By knowingly and willingly sitting for a photograph, even for a state-issued identification document, Mr. Hertzler would be violating his religion by taking a graven image of himself.

46. Thus, Mr. Hertzler's religious freedom has been substantially burdened – in order to exercise his fundamental right to possess a firearm for the defense of himself and his home, the Government is requiring him to violate a major tenet of his sincerely held religious belief.

47. Congress enacted RFRA specifically so that the Government may not force an individual to "choose between following the precepts of [his] religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of [his] religion" in order to accept the benefit, or exercise a right. *Sherbert v. Verner*, 374 U.S. 398, 404 (1963).

48. Here, Mr. Hertzler is denied the exercise of a fundamental right for exercising his religion, thus substantially burdening the free exercise of his religion.

49. By imposing and enforcing this substantial burden upon Mr. Hertzler, all Defendants have violated RFRA as applied to Mr. Hertzler, and to all others who claim a religious exemption from the photograph requirement.

### b.     *The Government Has Not Employed the Least Restrictive Means*

50. Even if the Government were able to show a compelling interest in burdening Mr. Hertzler's religious exercise, it must also show that it used the least restrictive means of doing so.  42 U.S.C. § 2000bb-1(b)(2).

51. "The least-restrictive-means standard is exceptionally demanding." *Burwell v. Hobby Lobby Stores, Inc.*, 134 S.Ct. 2751, 2780 (2014).

52. In fact, "RFRA . . . may in some circumstances require the Government to expend additional funds to accommodate citizens' religious beliefs." *Id.*, at 2781.

53. The purpose of 18 U.S.C. § 922(t)(1)(C) is to "verif[y] the identity of the transferee."

54. On its face, section 922(t)(1)(C) requires identification of the transferee "by examining a valid identification document . . . of the transferee containing a photograph of the transferee."

55. As defined in Section 1028(d), however, an "identification document" is "a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State . . . which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals." 18 U.S.C. § 1028(d)(3).

56. Section 1028(d)(3) does not require an identification document to have a photograph. Moreover, in determining whether to issue a license to buy and sell firearms, ATF does not require identification be established with a photograph, where the submission of a photograph would violate the applicant's religious beliefs.

57. Thus, the Government acknowledges that the identity of an individual can be confirmed and established by use of a government-issued identification without a photograph.

58. While examination of a photographic identification card may be more convenient or efficient, it is not necessary.

59. Thus, it is not the least restrictive means of verifying the identity of the firearm transferee/purchaser.

60. Finally, Pennsylvania's statute allowing use of a non-photo ID, supplemented by additional documentation if necessary, to purchase firearms, demonstrates that alternative means are available to accomplish the Government's goal, which do not infringe on an individual's right to feely exercise his right to practice his religion.

61. By failing to use the least restrictive means in effectuating any state interest they might have, Defendants have violated RFRA as applied to Mr. Hertzler, and to all others who claim a religious exemption from the photograph requirement.

**WHEREFORE**, Mr. Hertzler respectfully requests this Honorable Court to enter an Order in his favor and against Defendants, as follows:

a) Declare that 18 U.S.C. § 922(t)(1)(C), its derivative regulations, and all related laws, policies, and procedures, violates the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb as applied to Mr. Hertzler, as well as to all others who claim a religious exemption from the photograph requirement;

b) Permanently enjoin Defendants from enforcing 18 U.S. C. § 922(t)(1)(C), its derivative regulations, and all related laws, policies, and procedures, against those who claim a religious exemption from the photograph requirement;

c) Award Plaintiff's costs and attorney's fees pursuant to 28 U.S.C. § 2412 and 18 U.S.C. § 925a, and any other relevant statutes;

d) Any and all other equitable and/or legal remedies this Court may see fit.


### COUNT II: As-Applied Second Amendment to the United States Constitution Violation
### (Mr. Hertzler v. All Defendants)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. The Second Amendment to the United States Constitution states: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."

64. At its core, the Second Amendment guarantees "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

65. Defendants have, together and separately, violated Mr. Hertzler's Second Amendment rights by denying him the ability to purchase a firearm, despite the fact that he is not subject to any of the conditions Congress specified as sufficient to deny an individual the right to possess or own firearms.

66. It is Defendants' stated policy to require a photographic identification of all individuals seeking to purchase a firearm.

67. It is Defendants' policy to strictly enforce the photo ID requirement.

68. Defendants do not allow *any* exception to this policy, *even if* an individual can demonstrate his/her identity through other, non-photographic means.

69. Thus, Mr. Hertzler's inability to purchase a firearm arises solely out of Defendants' requirement that he provide a photo ID.

70. However, sitting for a photo ID would violate his sincerely held religious beliefs.

71. The exercise of one Constitutional right cannot be contingent upon the violation or waiver of another. See *Frost v. Railroad Comm'n of California,* 271 U.S. 583, (1926)

(holding that the government may not offer "a choice between the rock and the whirlpool – an option to forego a privilege which may be vital to his livelihood or submit to a requirement which may constitute an intolerable burden"); *U.S. v. Chicago, M, St. P. & P. Railway Co.,* 282 U.S. 311, 329 (1931) (holding that "the right to continue the exercise of a privilege granted by the state cannot be made to depend upon the grantee's submission to a condition prescribed by the state which is hostile to the provisions of the federal Constitution"); *Gardner v. Broderick*, 392 U.S. 273, (1968) (holding that an individual "could not constitutionally be confronted with Hobson's choice between self-incrimination and forfeiting means of livelihood"); *Simmons v. U.S.*, 390 U.S. 377, 389-90 (1968) (holding that where possession of seized item is element of the crime, defendant does not have to admit to possession to have standing for suppression hearing).

72. Thus, 18 U.S.C. § 922(t)(1)(c)'s requirement that Mr. Hertzler present a photo ID against his sincerely held religious beliefs, protected by both the U.S. Constitutional and federal statutory law, Defendants have presented Mr. Hertzler with an unconstitutional condition.

73. By preventing Mr. Hertzler from purchasing a firearm, Defendants have effectively precluded the exercise of his Second Amendment right.

74. "If the state may compel the surrender of one constitutional right as a condition of its favor, it may, in like manner, compel a surrender of all.  It is inconceivable that guaranties embedded in the Constitution of the United States may thus be manipulated out of existence." *Frost*, 271 U.S. at 594.

75. Because Defendants place an unconstitutional condition upon Mr. Hertzler's exercise of his fundamental right to possess firearms as guaranteed by the Second Amendment, they have infringed upon that right.

**WHEREFORE**, Mr. Hertzler respectfully requests this Honorable Court to enter an Order in his favor, and against Defendants, as follows:

a) Declare that 18 U.S.C. § 922(t)(1)(C), its derivative regulations, and all related laws, policies, and procedures, sets forth an unconstitutional condition and thus violates his Second Amendment right to keep and bear arms, as well as those who claim a religious exemption from the photograph requirement;

b) Permanently enjoin Defendants from enforcing 18 U.S.C. § 922(t)(1)(C), its derivative regulations, and all related laws, policies, and procedures, against those who claim a religious exemption from the photograph requirement;

c) Award Plaintiff's costs and attorney's fees pursuant to 28 U.S.C. § 2412 and 18 U.S.C. § 925a, and any other relevant statutes;

d) Any and all other equitable and/or legal remedies this Court may see fit.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hertzler respectfully requests this Honorable Court to enter an Order in his favor, and against Defendants, as follows:

a) Declare that 18 U.S.C. § 922(t)(1)(C), its derivative regulations, and all related laws, policies, and procedures, violates the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb as applied to him and against those who claim a religious exemption from the photograph requirement;

b) Declare that 18 U.S.C. § 922(t)(1)(C), its derivative regulations, and all related laws, policies, and procedures, sets forth an unconstitutional condition and thus violates his

    Second Amendment right to keep and bear arms and those who claim a religious exemption from the photograph requirement;

c) Permanently enjoin Defendants from enforcing 18 U.S. C. § 922(t)(1)(C), its derivative regulations, and all related laws, policies, and procedures, against those who claim a religious exemption from the photograph requirement;

d) Award Plaintiff's costs and attorney's fees pursuant to 28 U.S.C. § 2412 and 18 U.S.C. § 925a, and any other relevant statutes;

e) Any and all other equitable and/or legal remedies this Court may see fit.

 

                                                  Respectfully Submitted,

                                                  Joshua Prince, Esq.
*Attorney for Plaintiff*